IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CHARLES DAVIS, Individually and
on behalf of himself and as Administrator
ad Litem for THE ESTATE OF LAKITA
DAVIS, Deceased, and OCTAVIA JACKSON,
Individually and on behalf of herself                                                    PLAINTIFFS

v.                              CASE NO. 4:21-CV-00470-BSM

DOLLAR GENERAL CORPORATION,
RICK ELLIOT, Individually and in his
Official capacity as Chief of police,
JONESBORO POLICE DEPARTMENT,
MARTY BOYD, Individually and in his
official capacity as CRAIGHEAD COUNTY SHERIFF'S
OFFICE, DIRECTOR WILLIAM J. BRYANT,
Individually and in his official capacity as
Director, ARKANSAS STATE POLICE,
TANNER MIDDLECOFF, both individually
and in his official capacity, and JOHN AND
JANE DOES 1-10, Individually and in their
Official capacities as Arkansas State Police
Officers for the STATE OF ARKANSAS                                                       DEFENDANTS

**BRIEF IN SUPPORT OF MOTION TO DISMISS**

I.       Introduction

Plaintiffs filed this action against Dolgencorp, LLC (improperly referred to in Plaintiff's complaint as "Dollar General Corporation"), as well as various law enforcement officials and agencies, seeking damages on claims for wrongful death, violations of 42 U.S.C. § 1983, negligence, intentional infliction of emotional distress, loss of consortium, and negligent infliction of emotional distress. Pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure, separate defendant Dolgencorp, LLC (hereinafter, "Dolgencorp") moves this Court to dismiss plaintiffs' claims against it for insufficient service of process and for failure to state a claim upon which relief can be granted.

1

**II.     Applicable Law**

Under Federal Rule of Civil Procedure 12(b)(5), a case may be dismissed for insufficient service of process. The procedural requirement of service of the complaint and summons must be satisfied before a federal court can exercise jurisdiction over a defendant. *Omni Captiol Int'l, v. Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1987). In relevant part, Rule 4 of the Federal Rules of Civil Procedure provides: "A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." FED. R. CIV. P. 4(c)(1). Upon filing the complaint, the plaintiff has ninety (90) days to accomplish service. "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m).

Pursuant to Rule 12(b)(6), a case may be dismissed if the plaintiff fails to "state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion, the court must first presume the truth of any factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). Second, the court must determine whether the factual content pleaded "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a court must generally accept a plaintiff's factual allegations as true at the pleading stage, it need not accept a plaintiff's "legal conclusions or 'formulaic recitation of the elements of a cause of action'[.]" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). "Threadbare recital of the

elements of a cause of action, supported by mere conclusory statements," will not survive a motion to dismiss under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

### III.    The Complaint Should be Dismissed for Insufficient Service of Process

Dolgencorp first seeks dismissal based on FED. R. CIV. P. 12(b)(5). In sum, Plaintiffs failed to meet the conditions of FED. R. CIV. P. 4(m), which require service to be made within 90 days after the complaint is filed. Plaintiffs filed the complaint on May 28, 2021. (ECF No. 1). Here, the deadline for service was August 26, 2021. However, Plaintiffs did not serve the complaint and summons to Dolgencorp until August 30, 2021. (*See* Exhibit 1, Declaration of Lisa White). Thus, the complaint should be dismissed in its entirety as to Dolgencorp for insufficiency of service of process. *See* FED. R. CIV. P. 4(m), 12(b)(5).

### IV.    The Complaint Should be Dismissed for Failure to State a Claim Upon Which Relief Can be Granted

The complaint contains only sparse allegations as to Dolgencorp. It alleges that Dolgencorp's Dollar General employees called law enforcement officials to report an alleged robbery involving the decedent Lakita Davis. Specifically, the complaint states that the employees violated Dolgencorp's employee handbook by "negligently, intentionally, recklessly and maliciously" calling-in a robbery "for an alleged shoplift." (ECF No. 1, Compl., ¶ 16). According to the complaint, the employees "purposely lied to obtain an accelerated response" from law enforcement officials. (*Id*. ¶ 17). Based on the information reported by these employees, law enforcement gave chase to a vehicle being driven by Ms. Davis and occupied by Octavia Jackson. (*Id*. ¶¶ 18, 21). Ms. Davis waited to stop the vehicle "until she could find a safe place to pull over." (*Id*. ¶ 20). Ms. Davis refused to stop, in part, due to experiencing prior instances of police misconduct. (*Id*.). To stop the vehicle, law enforcement used an intervention technique known as

a "pit maneuver." (*Id.* ¶ 22). The vehicle consequently flipped over, causing fatal injuries to Ms. Davis and permanent injuries to Ms. Jackson. (*Id.* ¶¶ 7-8, 23).

The plaintiffs in this action are Charles Davis and Octavia Jackson ("Plaintiffs"). Mr. Davis files this suit in his capacity as administrator *ad litem* of Lakita Davis's estate, while Ms. Jackson has asserted claims on her own behalf. Taken together, Plaintiffs allege causes of action for violations of 42 U.S.C. § 1983, negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress. Plaintiffs also plead derivative claims for wrongful death and loss of consortium. Nevertheless, the complaint's factual allegations against Dolgencorp are minimal and conclusory, and they fail to support the essential elements of any claim against Dolgencorp. This pleading defect provides another basis for dismissing the complaint as to Dolgencorp.

### A. 42 U.S.C. § 1983

It is not clear whether Plaintiffs seek recovery against Dolgencorp under Section 1983. Plaintiffs allege violations against "Defendant officers," yet they generally request monetary damages "as a result of Defendants' actions." (ECF No. 1, Compl., ¶¶ 30-31). To the extent that Plaintiffs plead a Section 1983 claim against Dolgencorp, that claim should be dismissed because Dolgencorp is not a state actor. In a Section 1983 action, a plaintiff can only sue a defendant that acted "under color of state law." *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 152 (1970) (establishing that private parties can be held liable under § 1983 only if they wilfully participated in a joint activity with the State or its agents). Furthermore, it is well-established that "a private party's mere invocation of state legal procedures does not constitute state action." *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001) (affirming dismissal of accused shoplifter's Section 1983 claim against supermarket retailer). In this case, Plaintiffs only allege

that Dolgencorp's employees called in an alleged robbery. Plaintiffs allege no factual material to suggest that Dolgencorp willfully participated in a joint activity with the State. Thus, to the extent the complaint asserts a Section 1983 claim against Dolgencorp, that claim should be dismissed.

### B. Negligence

Furthermore, the complaint's negligence claim against Dolgencorp cannot withstand dismissal. "In order to prevail on a claim of negligence, the plaintiff must prove that the defendant owed a duty to the plaintiff, that the defendant breached that duty, and that the breach was the proximate cause of the plaintiff's damages." *Hadder v. Heritage Hill Manor, Inc.*, 2016 Ark. App. 303, 8, 495 S.W.3d 628, 633 (2016).

While the complaint alleges the general elements of a claim for negligence, it fails to articulate any facts which would support these elements beyond the speculative level. *See Twombly*, 550 U.S. at 555. Plaintiffs do not allege that Dolgencorp directly participated in the "pit-maneuver" that led to Ms. Davis's death and Ms. Jackson's injuries. Instead, the complaint pleads that Dolgencorp employees reported an alleged robbery to law enforcement, who then gave chase to the vehicle driven by Ms. Davis. In a completely conclusory fashion, Plaintiffs allege the employees "purposely lied" in order to obtain an accelerated response from law enforcement. However, the complaint is devoid of any facts relating to what the employees said, to whom they said it, or when they said it. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 at 678. Alleging that Dolgencorp's employees provided untruthful remarks to law enforcement does no more than raise a "mere possibility of misconduct," which cannot withstand dismissal. *Id.* at 679.

In addition, Arkansas law is clear that no duty of care arises when there is no control over third persons or instrumentalities causing damages to an injured party. *Tackett v. Merch.'s Sec. Patrol*, 73 Ark. App. 358, 362, 44 S.W.3d 349, 352 (2001) ("One is not liable for the acts of another person unless a special relationship exists between the two, such as master and servant, or unless a special relationship exists between him and the victim which gives the victim the right to protection."). Here, the complaint pleads no facts to suggest that any defendants involved in the "pit-maneuver" tactic were Dolgencorp's agents or otherwise subject to the control of Dolgencorp and its employees. Thus, dismissal is also proper because there is no factual foundation to suggest that Dolgencorp can be liable based on the alleged interactions between its employees and the government defendants.

C. **Intentional Infliction of Emotional Distress**

Plaintiffs also assert a cause of action for intentional infliction of emotional distress (otherwise known as "outrage"). The elements of a claim of intentional infliction of emotional distress are: "(1) the actor intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; (2) the conduct was "extreme and outrageous," was "beyond all possible bounds of decency," and was "utterly intolerable in a civilized community"; (3) the actions of the defendant were the cause of the plaintiff's distress; and (4) the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it." *Stanley v. Gen. Media Commc'ns, Inc.*, 149 F. Supp. 2d 701, 708 (W.D. Ark. 2001). "The test for outrage is an extremely narrow test that is committed by the most heinous conduct." *Forrest City Mach. Works, Inc. v. Mosbacher,* 312 Ark. 578, 585, 851 S.W.2d 443, 447 (1993). "Merely describing the conduct as outrageous does not make it so." *Fuqua v. Flowers,* 341 Ark. 901, 907, 20 S.W.3d 388, 392 (2000).

6

In the present case, the allegation that Dolgencorp's employees reported an alleged robbery does not reach the heightened standard for a claim of outrage.  *See Dillard Dep't Stores, Inc. v. Adams*, 315 Ark. 303, 306, 867 S.W.2d 442, 443 (1993) (setting aside jury verdict in favor of customer "accused of a crime of which she was not convicted.").  The complaint, moreover, only alleges in a conclusory statement that Plaintiffs suffered "mental and emotional damages" as a result of the Defendants "intentional and malicious actions."  There are no factual allegations to establish whether the damage at issue is of the kind needed to pursue a claim for outrage, *i.e.*, severe emotional distress.  *See FMC Corp. v. Helton*, 360 Ark. 465, 486, 202 S.W.3d 490, 505 (2005) ("While Appellees testified about suffering sleep loss, loss of appetite, and anxiety, such distress is the type that reasonable people may be faced with throughout their lives. It does not satisfy the type of distress encompassed by a claim for outrage.").  Accordingly, Plaintiffs' claim for intentional infliction of emotional distress should be dismissed as to Dolgencorp.

### D.  Negligent Infliction of Emotional Distress

Plaintiffs' claim for negligent infliction of emotional distress should likewise be dismissed. "Arkansas does not recognize the tort of negligent infliction of emotional distress." *Shelton v. United States*, 2020 WL 4197094, at *1 (E.D. Ark. July 21, 2020) (quoting *Dowty v. Riggs*, 385 S.W.3d 117, 120–21 (Ark. 2010)); *see also Holman v. Flores*, 2018 Ark. App. 298, at 5, 551 S.W.3d 1, 4 ("Rick focuses on our supreme court's statement in *Dowty* that the majority of jurisdictions in the United States allow recovery for negligent infliction of emotional distress, and our supreme court might revisit the issue in the future. However, our supreme court has not yet seen fit to revisit this issue and create a new tort, and *Dowty* remains the law in Arkansas.").

### E. Wrongful Death and Loss of Consortium

Lastly, the claims for wrongful death and loss of consortium also fail because both are derivative in nature and cannot be supported by an independently viable cause of action. *See Brown v. Pine Bluff Nursing Home*, 359 Ark. 471, 475, 199 S.W.3d 45, 48 (2004) ("A wrongful death action is derivative in nature from the original tort, and where the underlying tort action is no longer preserved, the wrongful death action is barred as well."); *see also In re Air Crash At Little Rock, Arkansas, June 1, 1999*, 170 F. Supp. 2d 861, 862 (E.D. Ark. 2001) ("Loss of consortium of a child, like a wife or husband's loss of consortium, is universally considered a derivative cause of action."); *Aetna Cas. & Sur. Co. v. Hatridge*, 282 F. Supp. 604, 607 (W.D. Ark. 1968) (recognizing that wife's loss of consortium claim was "derivative and dependent upon the husband's right to recovery.").

## CONCLUSION

For the foregoing reasons, separate defendant Dolgencorp, LLC, respectfully requests the Court to dismiss the complaint in its entirety as to Dolgencorp.

> Vincent O. Chadick, Ark. Bar No. 94075
> Andrew S. Dixon, Ark. Bar No. 2019193
> QUATTLEBAUM, GROOMS & TULL PLLC
> 4100 Corporate Center Drive, Suite 310
> Springdale, Arkansas 72762
> Telephone: (479) 444-5200
> vchadick@qgtlaw.com
> adixon@qgtlaw.com
>
> *Attorneys for Dolgencorp, LLC*