**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**CHARLES DAVIS,** *et al.*                                                                                         **PLAINTIFFS**

**v.**                                      **CASE NO. 4:21-CV-00470-BSM**

**DOLLAR GENERAL CORPORATION,** *et al.*                                                **DEFENDANTS**

**ORDER**

Marty Boyd's unopposed motion to dismiss [Doc. No. 4] is granted; William J. Bryant and Tanner Middlecoff's motion to dismiss [Doc. No. 7] is granted; and Rick Elliott's motion to dismiss [Doc. No. 30] is granted. Dollar General Corporation's motion to dismiss [Doc. No. 12] is denied on the negligence, intentional infliction of emotional distress, and wrongful death claims, and granted on all other claims. Bryant and Middlecoff's motion to strike [Doc. No. 21] is denied, and plaintiffs' motion to accept their out of time response [Doc. No. 22] is granted. Bryant, Middlecoff, and Elliott's motions to stay discovery [Doc. Nos. 17, 29, 32] are denied as moot.

**I. BACKGROUND**

Plaintiffs are suing defendants for allegedly negligent, reckless, and malicious actions that caused the death of Lakita Davis and injured Octavia Jackson. Plaintiffs allege that employees of Dollar General Corporation lied to law enforcement when they reported that Davis robbed the store. Compl. ¶¶ 16–17, Doc. No. 1. This lie was perpetrated in order to induce an "accelerated response" to what, at most, could be characterized as shoplifting. *Id.* Upon receiving the call, Arkansas State Trooper Tanner Middlecoff engaged in a vehicle

chase with the car driven by Davis and in which Jackson was a passenger. *Id.* ¶¶18–19. During the chase, Middlecoff performed a maneuver that violated State Police policy, causing Davis's car to flip over. *Id.* ¶¶ 22–23.

Plaintiffs are suing Dollar General Corporation; Rick Elliott, individually and in his officially capacity as Chief of the Jonesboro Police Department; Marty Boyd, individually and in his official capacity as Craighead County Sheriff; William J. Bryant, individually and in his official capacity as Director of the Arkansas State Police; and Tanner Middlecoff, individually and in his official capacity as an Arkansas State Police Officer. Plaintiffs allege wrongful death, violations of 42 U.S.C. section 1983, negligence, intentional infliction of emotional distress, loss of consortium, and negligent infliction of emotional distress.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a plaintiff fails to state a claim upon which relief may be granted. To overcome a 12(b)(6) motion, the complaint must allege sufficient facts to entitle the plaintiff to the relief sought. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Ashcroft*, 556 U.S. at 678. All well pleaded allegations in the complaint are accepted as true and construed in the light most favorable to the plaintiff. *Id.*

## III. DISCUSSION

A. <u>Claims against the Law Enforcement Officers</u>

The motions to dismiss the claims against Elliott, Boyd, Bryant, and Middlecoff are granted.

*1. Section 1983 Individual Capacity Claims*

The 42 U.S.C. section 1983 individual capacity claims against the law enforcement officers are dismissed because the officers are immune from suit. *See Pearson v. Callahan*, 555 U.S. 223, 244 (2009) (law enforcement officers have qualified immunity when they reasonably believe their conduct complies with the law). This is true because government officials are immune from suit unless they violate clearly established rights. *Id.* at 231. Immunity attaches even when an official makes a mistake of law or fact. *Id.* Therefore, when determining whether an official is immune, courts consider (1) whether the allegations establish a violation of a constitutional right, and (2) whether that right was clearly established at the time of the alleged violation, such that a reasonable officer would have known that his actions were unlawful. *Id.* at 232. If either question is answered in the negative, then the official is entitled to qualified immunity. *Id.* at 236.

Whether Elliott, Boyd, and Bryant are immune is an easier call than whether Middlecoff is immune. This is true because the complaint states no facts against Bryant and the only allegations against Elliott and Boyd are that they "gave chase" to plaintiffs, and that they failed to train their officers on how to coordinate a police chase with other agencies.

Compl. ¶ 21. These allegations are not sufficient to allege they violated clearly established statutory or constitutional rights.

Plaintiffs allege that Middlecoff violated the constitutional rights of Lakita Davis and Jackson when he executed a pit maneuver in violation of Arkansas State Police policy while Davis was attempting to find a safe place to pull over. Compl. ¶ 22. Policy violations, however, do not automatically rise to the level of a constitutional violation, *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996), and the Eighth Circuit has held that denying an Arkansas State Police Officer qualified immunity because he performed a pit maneuver is reversible error. *Moore-Jones v. Quick*, 909 F.3d 983, 985–87 (8th Cir. 2018). Importantly, the Eighth Circuit held that a trooper was justified in using force to secure compliance, because "from a reasonable officer's perspective, [the driver] refused to comply with commands to pull over." *Id.* As in *Moore-Jones*, Davis failed to pull over even though she was aware that Middlecoff was attempting to stop her. Although the complaint alleges that Davis did not pull over because she feared for her life "based on previous history of police conduct," Compl. ¶ 20, qualified immunity cannot be denied based upon Davis's subjective thoughts. This is true because "[l]aw enforcement officers are not required to read a suspect's motivations in failing to obey commands–it is enough that the officer reasonably perceives that the suspect is not following orders as given." *Moore-Jones*, 909 F.3d at 986 (*citing Neal v. Ficcadenti*, 895 F.3d 576, 581 (8th Cir. 2018)).

*2. Section 1983 Official Capacity Claims*

Plaintiffs' official capacity claims against Elliott and Boyd are dismissed because they are essentially claims against the City of Jonesboro and Craighead County. *Monell v. Dep't Soc. Servs.*, 436 U.S. 658, 690 (1978). To bring a claim against the city or county, plaintiffs must show that Elliott and Boyd violated Davis's and Jackson's rights pursuant to an official policy or unofficial custom of the city or county or that they failed to train or supervise the officers who violated the rights of Davis and Jackson. *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 699 (8th Cir. 2016). Plaintiffs have failed to meet this burden because they have alleged only that Elliott and Boyd "gave chase" to plaintiffs, and that Elliott and Boyd failed to train their officers on how to coordinate a police chase with other agencies when criminal conduct has not been verified. Compl. ¶ 21. These allegations are merely threadbare recitals that are not sufficient to state official capacity claims against Elliott and Boyd.

The claims against Bryant and Middlecoff in their official capacities with the Arkansas State Police are the same as claims against the State itself. *Kentucky v. Graham*, 473 U.S. 159, 165–166 (1985). These claims are dismissed because "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

*3. Negligence and Wrongful Death Claims*

Plaintiffs' negligence and wrongful death claims brought under 42 U.S.C. section 1983 against Elliott, Boyd, Bryant, and Middlecoff are dismissed because section 1983

imposes liability "for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker v. McCollan*, 443 U.S. 137, 146 (1979).

Plaintiffs' common law negligence and wrongful death claims against Elliott and Boyd are dismissed because Arkansas cities and counties, and their officials, have tort immunity. Ark. Code Ann. § 21-9-301(a); *City of Little Rock v. Dayong Yang*, 2017 Ark. 18, 5 (2017). Plaintiffs' negligence and wrongful death claims against Bryant and Middlecoff are dismissed because they also have tort immunity. Ark. Code Ann. § 19-10-305(a). Although state employees are not immune from their malicious acts, and plaintiffs claim Bryant and Middlecoff acted maliciously, nothing in the complaint supports a claim of malice. *See Simons v. Marshall*, 369 Ark. 447, 452–453 (2007).

*4. Intentional Infliction of Emotional Distress Claims*

Plaintiffs' intentional infliction of emotional distress claims against Elliott, Boyd, Bryant, and Middlecoff are dismissed because the complaint fails to state a claim for which relief can be granted. To prove intentional infliction of emotional distress, a plaintiff must show (1) the defendant intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his or her conduct; (2) the conduct was extreme and outrageous, was beyond all possible bounds of decency, and was utterly intolerable in a civilized community; (3) the actions of the defendant were the cause of the plaintiff's distress; and (4) the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it. *FMC Corp., Inc. v. Helton*, 360 Ark.

465, 484-85 (2005). Plaintiffs have not alleged facts supporting an intentional infliction of emotional distress claim against Boyd, Bryant, or Elliott.

The intentional infliction of emotional distress claim against Middlecoff is also dismissed because plaintiff has alleged nothing indicating that Middlecoff knew or should have known that the pit maneuver would cause emotional distress. Further, the complaint does not support the conclusion that Middlecoff's conduct was extreme or outrageous. "Merely describing the conduct as outrageous does not make it so." *Crockett v. Essex*, 341 Ark. 558, 564 (2000).

*5. Negligent Infliction of Emotional Distress
and Loss of Consortium Claims*

Plaintiffs' negligent infliction of emotional distress claims are dismissed because Arkansas law does not recognize this cause of action. *Dowty v. Riggs*, 2010 Ark. 465, 6 (2010). Plaintiffs' loss of consortium claims against Elliott, Boyd, Bryant, and Middlecoff are also dismissed because loss of consortium cannot be alleged as a separate cause of action, but is merely an element of damages in a wrongful death case. *Sanderson v. McCollum*, 82 Ark. App. 111, 118 (2003).

B.    <u>Claims against Dollar General</u>

To the extent that plaintiffs are attempting to sue Dollar General under 42 U.S.C. section 1983, those claims are dismissed because Dollar General is not a state actor. Plaintiffs' negligent infliction of emotional distress claim is dismissed because Arkansas law does not recognize it. *Dowty*, 2010 Ark. 465 at 6. The motion to dismiss plaintiffs'

negligence, intentional infliction of emotional distress, and wrongful death claims against Dollar General are denied because those claims have been sufficiently alleged.

## IV. CONCLUSION

For these reasons, all of plaintiffs' claims are dismissed except their negligence, intentional infliction of emotional distress, and wrongful death claims against Dollar General Corporation.

IT IS SO ORDERED this 29th day of September, 2022.

_____
UNITED STATES DISTRICT JUDGE